IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25CR350 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| GODWIN OBOT, | ) | UNITED STATES' NOTICE OF INTENT |
| | ) | TO INTRODUCE EVIDENCE OF OTHER |
| Defendant. | ) | CRIMES, WRONGS, OR ACTS |
| | ) | |

Now comes the United States of America, by and through its counsel, David M. Toepfer,

United States Attorney, and Brett S. Hammond, Assistant United States Attorney, and hereby

gives notice of its intent to offer evidence of other crimes, wrongs, or acts at trial.

## I.     GOVERNMENT'S NOTICE

The government intends to introduce evidence of the following:

(1) Texts and postings on social media accounts associated with Defendant Godwin Obot
where he discusses the Defense Finance Accounting Services ("DFAS") and its
employees.

(2) Evidence obtained from electronic devices from Defendant Godwin Obot's home
showing that he electronically researched the victims and their family members prior to
sending the threats.

(3) Texts and communications sent from Defendant Godwin Obot's electronic devices and
accounts where he repeatedly uses the unique phrases of "Murderfuck" and "Never be
well."

The first two categories of evidence listed above are actual *res gestae* background

evidence of the offenses charged in the indictment and not 404(b) evidence.  However, out of an

abundance of caution, the United States submits that this evidence shows Defendant's identity,

intent, knowledge, and plan.  The third category of evidence—Defendant Obot's prior

communications using the words "Murderfuck" and "Never be well"—is admissible to show his identity and lack of mistake related to the charged threats.  Accordingly, the government seeks for this Honorable Court to introduce this evidence at trial.

## II.    LAW AND ARGUMENT

Evidence that Defendant (1) posted concerning DFAS and its employees, (2) that he researched the victims' families, and (3) that Defendant used a unique set of words, all qualify as admissible evidence under Federal Rules of Evidence 404(b).  More importantly, most of this evidence does not implicate Rule 404 and is admissible as *res gestae* or background evidence of Obot's prior acts.

Generally, "other acts evidence" is not admissible "to prove a person's character in order to show that on a particular occasion a person acted in accordance with that character."  Fed. R. Evid. 404(b).  It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or lack of accident."  *Id.*  "[T]he rule is one of inclusion rather than exclusion."  *United States v. Copeland*, 51 F.3d 611, 614 (6th Cir. 1995).

The admissibility of Rule 404(b) evidence is governed by a "three-step analysis."  *United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013) (citing *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012)).  The first inquiry is whether there is sufficient evidence that the other act actually occurred.  *Id*.  Second is "whether the evidence is probative of a material issue other than character."  *Id*.  Third, courts must consider whether the probative value of the evidence substantially outweighs any unfair prejudice, under Rule 403.  *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006).  The evidence is viewed in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.  *Id*.  The district court need

not make a finding that the proponent proved the other act by a preponderance of the evidence; "such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston v. United States*, 485 U.S. 681, 685 (1988).  In addition to its interplay with the Rule 404(b) analysis, Rule 403 independently "provides a balancing test for excluding relevant evidence." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).  This balancing test is "strongly weighted toward admission." *Id*.

By contrast, background or *res gestae* evidence is an exception to Rule 404(b).  *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012).  Background evidence "consists of those other acts that are inextricably intertwined with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).  "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*.  "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id*.

Additionally, "Rule 404(b) does not extend to evidence of acts which are 'intrinsic' to the charged offense." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *United States v. Rozin*, 664 F.3d 1052 (6th Cir. 2012); *United States v. Marrero,* 651 F.3d 453, 471 (6th Cir. 2011).  "Where the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with the evidence of, the crime charged, Rule 404(b) is not applicable." *United States v. Henderson*, 626 F.3d 326, 338 (6th Cir. 2010).  Intrinsic acts "are those that are part of a single criminal episode," *Barnes*, 49 F.3d at 1149.  This includes evidence that is "inextricably intertwined with evidence the crime charged," or "part of a continuing pattern of illegal activity." *United States v. Everett*, 270 F.3d 986, 992 (6th Cir. 2001)(citing *Barnes*, 49 F.3d at 1149).

3

1. **Prior Social Media Posts**

In this case, the evidence will show that social media accounts associated with Defendant Obot were used to post numerous messages about the victims, E.P. and J.M., DFAS, and the Department of Defense ("DOD") after Obot was terminated from his federal employment.  The government submits that these social media postings qualify as *res gestae* or background evidence that provides a necessary explanatory prelude to the underlying offense.  Some of the social media postings that the government intends to introduce include but are not limited to the following:[1]

- A Facebook post for "Papcy TheDon" made on September 22, 2024, stating, "Hate hanging with broke girls especially #golddigger . . . that wasted life in Diddy house party . . . Just saying bitches & hoes got ENVy issues like '[**REDACTED**]' bcuz of wasted time sleeping . . . Mr. [**REDACTED**] at #diddy. #houseparty. #TNT"

- A post on an X account for "Papcy The Don" made on June 11, 2023, stating, "A friend in #Florida got alligator so excited for dinner . . . just saying [**REDACTED**] always reminded me of dummies hoes back then in high school when I read her memo report #museum!! !! !!"

- A post on an X account for "Papcy The Don" made on July 10, 2023, stating, "[**REDACTED**] always reminded me of that ugliest living things people called #trans if you ever seen that hoe on high heel legs . . . looks like a real man with

---

[1]  The names of the victims have been redacted from the descriptions of the social media posts to protect the victims' identities.  The original version of each of these posts either provides the last name or full name of a victim.

the most weird. . .  & ugliest booty in DFAS #Downtown #cleveland #Ohio State @ DeptofDefense"

- A post on an X account for "Papcy The Don" made on June 9, 2023, stating, "If you ever see the President of America . . . or #Governor of #OhioState please tell him ya'al  murder fuckers in Cleveland including the man in charge of #dfas owes me billions dollars for all that disrespect !! !! !!"

- A post on an X account for "Pacy The Don" made on June 9, 2023, stating, "I've seen so many Bosses in this life (the good, the bad & ugly including the wicked) but doubt you'll believe I've never seen one like Mr. [**REDACTED**].  Sound like film . . . for fun but shit REAL & Put that on my grave  . . . #truetalk #dfas @DeptOfDefense"

The United States seeks to introduce these social media postings as relevant admissible background or *res gestae* evidence.  The Sixth Circuit has made clear that "'background' or 'res gestae' evidence does not implicate Rule 404(b)." *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005).  "Proper background evidence has a causal, temporal or spatial connection with the charged offense,' and includes evidence that is 'a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.'" *Id*. at 335 (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).  The Sixth Circuit has recognized that a "jury is entitled to know the setting of a case." *United States v. Roberts*, 548 F.2d 665, 667 (6th Cir. 1977).  It follows that it "cannot be expected to make its decision in a void—without knowledge of the time, place[,] and circumstances of the acts which form the basis of the charge." *Id*.

5

Here, this Court should admit the *res gestae* evidence of Obot's prior statements that reference DFAS, the Department of Defense, and the victims, J.M. and E.P. These social media postings made by Defendant Obot provide necessary context explaining why law enforcement initiated its investigation in this case. Although Obot is indicted for threats he made in 2024, the victims, J.M. and E.P., made their first reports alleging that Obot was threatening them in 2023. When J.M. and E.P. first complained to federal law enforcement, they described Obot's social media presence as "alarming" and provided federal law enforcement with screen shots of his social media posts, including the messages described above. The victims told law enforcement that Obot's conduct had risen to a dangerous level and requested that federal investigators take action on their behalf.

Here, the prior acts evidence concerning Obot's social media posts constitutes an inextricably intertwined prelude the explains why federal law enforcement started its investigation in this case. The jury is entitled to know a full explanation concerning the context and history that preceded the threats made in 2024. *See United States v. Aguwa*, 123 F.3d 418, 421 (6th Cir. 1997) (finding testimony admissible because it provided relevant background evidence that "explain[ed] how and why the agents [] came to be involved with [a] particular defendant").

Moreover, the evidence of Obot's social media posts will help prove his charged conduct, not his character. He is charged with retaliating against former federal officials by making threats in 2024. Section 115(a)(2) requires the government to not only prove that Obot threatened to "assault, kidnap, or murder" a former federal official, but also that he did so with the "intent to retaliate against such official . . . on account of the performance of official duties." 18 U.S.C. § 115(a)(2). Obot's social media posts in 2023 provide necessary context and

6

evidence of his intent to retaliate against E.P. in 2024 when he sent her threatening texts. Obot's social media posts provide context related to the threats he sent to E.P. in 2024—showing that more than one year preceding the threats he sent to E.P.—he posted messages that repeatedly expressed frustration with DFAS and described his former supervisors with racial epithets and other derogatory terms. His repeated social media postings directed at E.P., J.M. and DFAS provide relevant context showing that he later sent the 2024 threats to E.P. with an intent to retaliate against her. Because this evidence provides context for the jury by acting as a prelude to the offense—and helps completes the story of the offense—it does not implicate Rule 404(b)'s general restrictions on admitting evidence of "other acts." *United States v. Martinez*, 697 F.3d 338, 344 (6th Cir. 2012).

Even assuming for the sake of argument that Obot's social media posts do not qualify as *res gestae* evidence, the posts would still be admissible under Rule 404(b) as evidence of Obot's identity and intent. Here, the government would introduce sufficient evidence at trial that the other acts occurred, *i.e.*, that Obot was the person who posted these messages. Specifically, the government anticipates introducing evidence that (1) these social media accounts contained numerous photographs of Obot, and (2) that these social media accounts were accessed using electronic devices found in Obot's residence. From this evidence, the jury will be provided sufficient evidence to conclude that the other acts occurred. *See United States v. Thompson*, 690 F. App'x 302, 607 (6th Cir. 2017) (citation omitted) (meeting the first requirement under 404(b) only requires that the "jury can reasonably conclude that the act occurred and that the defendant was the actor.").

Moreover, the evidence would be admissible under Rule 404(b) because it would establish his identity and a lack of mistake, not his character. The charged threats in this case

include derogatory racial epithets, repeated references to DFAS, insults about E.P.'s intelligence, and disparaging remarks that include calling E.P. "ugly." (*See* Doc. 1: Complaint, PageID 6-8). The social media posts at issue are very similar in nature to the threats—they involve these same categories of disparaging comments directed against E.P. and J.M.—which tends to show that they were sent by the same person. Additionally, these social media posts should be admissible as they tend to establish a "lack of mistake" that Obot sent the threatening messages to E.P. Obot has already alleged that he did not send the messages and rather that "anyone with access to [his] home" could have sent the messages. (Doc. 37: Motion, PageID 316). However, the fact that Obot sent social media messages disparaging his former federal supervisors from his social media accounts belies his claim that threats to E.P. were sent by another person who hacked his accounts or impermissibly accessed his home's internet service. For the same reasons, the social media messages counter Obot's claim that he never threatened E.P. and demonstrate Obot's intent to retaliate against his former supervisor, E.P. Because the messages provide evidence of Obot's identity, intent, and demonstrate a lack of mistake, these messages are also admissible under Rule 404(b).

Finally, this evidence is highly probative and necessary for providing a contextual prelude to the threats and establishing Defendant's identity and intent. There is little chance that the presentation of such evidence will mislead or confuse the jury. To the extent that Obot proposes that his social media accounts were hacked, (Doc. 37: Motion, PageID 302), Obot will have an opportunity to cross-examine the government's witness and introduce any admissible evidence concerning his social media accounts. There is little chance that the introduction of this evidence will mislead or confuse the jury, especially if provided with a limiting instruction.

*United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007).  Given the high probative value and limited prejudice of these messages, this Court should admit this evidence.

**2.  Evidence from electronic devices in Obot's home showing he researched the victims**

The United States also seeks to introduce evidence from Obot's electronic devices found in his residence.  This federal investigation started in 2023 when J.M. and E.P. reported that Obot had made threatening communications and social media posts.  Obot continued to send threatening communications to E.P. in April 2024 and September 2024, and he is charged for those threats.  As part of the investigation in this case, law enforcement executed a federal search warrant on June 24, 2025, that authorized the seizure of electronic devices capable of sending the threatening messages to E.P.  Law enforcement has reviewed the contents of those electronic devices seized from Obot's home and provided that evidence to Obot in discovery.

Importantly, here, the United States seeks to introduce evidence from Obot's electronic devices showing that he extensively researched J.M., E.P., and their families.  Specifically, the evidence the government intends to introduce includes but is not limited to the following:

- "WhatsApp Business" messages dated September 24, 2024, showing that Obot sent screenshots of E.P.'s LinkedIn profile to phone devices he used.  The government notes that on this same date, Obot sent a threatening message to E.P. that included her LinkedIn profile.

- Numerous saved photographs and screenshots on Obot's electronic devices depicting E.P., her husband, and two young children.  The devices also contained numerous saved photographs and screenshots of J.M., his wife, and his two young children.

- Internet browser history on Obot's electronic devices showing that he initiated numerous searches of the Facebook profiles associated with E.P., E.P.'s husband, and various members of E.P.'s family.  Additionally, Obot's devices contain internet web browser searches for E.P., J.M., and members of their respective families.  The searches were conducted using a range of different internet platforms, including Google, Facebook, Instagram, Pinterest, TikTok, and Morningjournal.com .

- Texts sent from Obot's electronic devices that discuss E.P.'s background and work credentials.

- Saved contact information on Obot's "TextNow" and "Whatsapp" applications that include contact information for E.P.

The United States submits that none of this evidence implicates Rule 404(b). Rather, this evidence will help prove the charged conduct, not Obot's character. Obot's electronic research concerning E.P. and her family helps to show how Obot identified the cellular phone number associated with E.P. and sent her threatening communications that included personal information related to her and her family. This evidence is close in time to the indicted offense and simply proves how he obtained some of the personal information he sent in his threats to E.P.[2] Additionally, this evidence will be critical at trial given that Obot has already alleged that he did not send the threats nor does he claim to know where E.P. and her immediately family lives. (*See* Doc. 37: Motion, PageID 318).

The evidence of Obot's conduct involving J.M. and E.P. before the threats is admissible as relevant background evidence. The Sixth Circuit has clarified that such evidence "typically provides context for the jury" by "act[ing] as a prelude to the offense" or by "complet[ing] the story of the offense. *Untied States v. De Oleo*, 697 F.3d 338, 344 (6th Cir. 2012). Accordingly, such evidence would not implicate Rule 404(b)'s restriction on its admissibility. *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005). Such an exception applies here.

3. **Evidence from Obot's electronic devices where he uses the unique phrases of "Murderfuck" and "Never be well," including prior communications to E.P. and J.M.**

---

[2] The threats Obot sent to E.P. include references to E.P.'s family, E.P.'s relatives, and a link to E.P.'s LinkedIn profile. (Doc. 1-1: Complaint, PageID 7-8).

The United States also seeks to admit evidence from Obot's electronic devices where he used the phrases "Murderfuck" and "Never be well."  In the threats Obot sent to E.P. in this case, he uses the term "murder fuck" multiple times and also states that it "shall never been well with you."  (Doc. 1: Complaint, PageID 6-8).  Both these phrases are unique and not commonly used. Obot denies that he sent the threats and instead claims that another person sent these messages after hacking his text messages, social media posts, and other accounts.  (Doc. 37: Motion, PageID 301-322).  Nevertheless, many electronic devices seized from Obot's residence during the search warrant executed on June 24, 2025, show that he repeatedly used the phrases "Murder fuck" and "Never be well" before threatening E.P.  Accordingly, the government submits that Obot's prior and repeated use of these unique phrases is admissible under Rule 404(b) as it tends to establish evidence of his identity as the person who sent the threats to E.P.  The repeated use of these phrases also establishes a lack of mistake and counters his suggestion that his accounts were hacked by someone else who sent the threats.

The government seeks to introduce evidence found on Obot's electronic devices, that includes but it is not limited to the following:

- The use of the term "murder fuckers" in an instant message sent by Obot in September 2023.

- A message sent from Obot to J.M. is January 2022 where he calls J.M. a "murder fucker."

- Messages he sent to multiple different individuals from 2021 to 2023 where he refers to the recipients as "murder fuckers"

- A message sent to E.P. in January 2022 where he writes, "Bitch stay away from my Snapchat.  Murder fuck you hoe."

- A separate message sent to E.P. in January 2022 where he writes, "DFAS corrupt bitch that's not DFAS property so stay away from me murder fucker and fuck you with the $150k bitch I won."

- Messages he sent from 2022 and 2023 that repeatedly used the phrase "it shall never be well with you."

These messages are admissible under Federal Rule of Evidence 404(b) to show identity and lack of accident. See Fed. R. Evid. 404(b)(2). The messages from Obot's computers and phones show that he repeatedly used the terms of "murder fucker" and "never be well with you" from as early as 2021 through 2024, including messages that he sent to E.P. Because this evidence shows that Obot repeatedly used these unique phrases, it also tends to identify him as the person who again used these same phrases in the threats sent to E.P. Given that the identity of the person who sent the threatening messages is likely to be a major, if not the most important, issue at trial, this evidence will be highly probative and should be admitted. *See United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (citation omitted) (recognizing that when the 404(b) issue is one related solely to identity, the Sixth Circuit has overwhelmingly approved the admission of "other acts" evidence).

This evidence will also establish lack of mistake. Obot has already alleged that the threatening messages were sent by people who were profiling, stalking, and hacking his accounts; he further suggests this may have included his former landlord in Minnesota. (Doc. 37: Motion, PageID 316-18). Contrary to Obot's claim, this evidence suggests that the government did not mistakenly identify him as the person who sent the threatening messages. Rather, this evidence indicates that Obot regularly uses the same phrases he included in his threats to E.P.—including when he lived in Cleveland and that he again continued to employ these same terms when he moved to Minnesota.

The highly probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Obot. The evidence concerning Obot's repeated use of the terms "Murder fucker" and "Never be well with you" are not unduly prejudicial such that this evidence should

be inadmissible.  The government recommends that any prejudice would be cured with an appropriate limiting instruction.  *See United States v. Holloway*, 740 F.2d 1373, 1377 (6th Cir. 1984).

**III.     CONCLUSION**

The United States, therefore, gives notice that it intends to present the evidence discussed herein as admissible as *res gestae* evidence, or alternatively, under Federal Rule of Evidence 404(b).

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

/s/ Brett Stokes Hammond
Brett S. Hammond (OH: 0091757)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3625
(216) 522-8355 (facsimile)
Brett.Hammond@usdoj.gov

**Certificate of Service**

The United States of America, through undersigned counsel, hereby certifies that it mailed a copy of this motion via U.S. mail to Defendant Godwin Obot at Mahoning County Jail, 110 Fifth Avenue, Youngstown, Ohio, on June 30, 2026.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

/s/ Brett S. Hammond
Brett S. Hammond (0091757)
Assistant United States Attorney
801 West Superior Avenue
Cleveland, Ohio 44113
(216)-622-3625
Brett.Hammond@usdoj.gov

14